Filed 1/14/14  In re S.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E059586 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1300334) |
| v. | OPINION |
| S.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Robert J. McIntyre,

Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant

to art. VI, § 6 of the Cal. Const.)  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Following a jurisdictional hearing, the juvenile court found true that defendant and appellant S.M. (minor) had committed misdemeanor resisting or delaying a peace officer (Pen. Code, § 148, subd. (a)) as alleged in a Welfare and Institutions Code section 602 petition. Minor was thereafter placed on probation on various terms and conditions pursuant to Welfare and Institutions Code section 725, subdivision (a). Minor appeals. We find no error and affirm the judgment.

I

FACTUAL BACKGROUND

On August 24, 2012, at around 2:52 p.m., Riverside County Sheriff's deputies Aaron Hallenbeck and Christopher Loucks were on routine patrol riding marked police motorcycles near Rancho Verde High School in Moreno Valley when they observed numerous students jaywalking. Deputy Hallenbeck, using the loud speaker on his motorcycle, told the students to go back to the sidewalk because there was no crosswalk, and it was unsafe for them to cross the street there. Minor was the only student who failed to comply and continued to cross the street as an oncoming vehicle was forced to stop for him.

After minor illegally crossed the street, Deputy Hallenbeck rode his motorcycle toward minor and, from about 10 to 15 feet away, asked minor to stop. Minor failed to comply and continued to walk away. Deputy Hallenbeck rode closer to minor and repeatedly asked minor to stop. Minor ignored these commands and continued to walk

away. Minor eventually told Deputy Hallenbeck that he was not going to stop because he was walking home.

Deputy Hallenbeck dismounted from his motorcycle, approached minor, and told minor to sit on the curb. Minor complied and sat down. Deputies Hallenbeck and Loucks then repeatedly asked minor for his name. Minor replied that he was not going to tell them his name; that he did not have to tell them his name; and that he did not want to talk to them. Deputies eventually transported minor to the high school disciplinary office to determine minor's identity. As the deputies walked into the office with minor, staff immediately recognized minor and asked minor what he had done now. The entire incident lasted approximately three hours.

II

DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered minor an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

3

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.

4